**BOWMAN, Plaintiff-Appellee, v. GOLDSMITH BROS. CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22298.   Decided February 25, 1952.

430

Sieman, Sieman & Sieman, Cleveland, for plaintiff-appellee.
McConnell, Blackmore, Cory & Burke, Cleveland, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of 9th District: NICHOLS, J, of the 7th District sitting by designation.)

## OPINION

By DOYLE, J:

Hilda Bowman, a tenant, was injured by slipping and falling on ice-and-snow-covered steps of a stairway leading to her rented apartment on the second floor of the defendant's apartment house. In her suit for damages against her landlord, based upon claimed tort liability, she recovered a verdict at the hands of a jury in the Court of Common Pleas of Cuyahoga County in the amount of $4,000. The appeal to this court stems from the judgment entered thereon. There are various grounds of error claimed, some of which will be here discussed.

The evidence shows the apartment house contained (1) a basement apartment in which the janitor lived, (2) a first-floor apartment in which a tenant, Mrs. Short, lived and (3) a second-floor apartment in which the plaintiff lived with her daughter. At the rear of the building, an outside stairway extended downward from the ground level, several steps to the rear entrance of the basement apartment; the stairway also extended upward, from the ground level platform, seven steps, to a platform serving the entrance to the first-floor apartment of Mrs. Short; from this platform the stairway continued upward to a platform or small porch which served the entrance to the second-floor apartment of the plaintiff, Mrs. Bowman. Here the stairway ended.

It thus appears that the stairway descending from the ground level served only the basement apartment; the stair-

way from the ground level to the first-floor platform served both of the tenants of the first and second floors; and the stairway upon which the accident occurred, from the first-floor platform to the second-floor platform, served only the second-floor apartment, in which the plaintiff lived.

As a majority of this court views the record, there was presented for determination, among other things, the question of whether the landlord, in its rental of the apartment to the plaintiff, reserved possession and control of the stairway leading from the first-floor landing to the second-floor landing. If it did, and had assumed the duty of keeping the stairway clean and free from ice and snow, then it was required to exercise ordinary care to render the stairway reasonably safe for use by the plaintiff. **Oswald v. Jeraj, et al, 146 Oh St 676.** If it did not have the right to possession and control of the stairway in question, then it had no legal duty to keep it free from ice or snow. And if there was no legal duty to keep it in a reasonably safe condition, then tort liability would not arise from a mere breach of contract, either express or implied, to keep the premises clean and safe. **Cooper v. Roose, 151 Oh St 316.**

It has long been the general rule and so recognized in this state, that, when the only relation between the parties is contractual, the liability of one to the other, in an action of tort, must arise out of some positive duty which the law imposes because of the relationship, or because of the negligent manner in which some act which the contract provides for is done; and the mere omission to perform a contract obligation is never a tort unless the omission is also the omission to perform a legal duty. In other words, an action of tort for negligence cannot be maintained unless the defendant's conduct constituted the breach of a duty imposed by law, apart from it being a breach of an obligation created by agreement of the parties, either express or implied.

The rule here pronounced finds support in a host of cases. In Tuttle v. Gilbert Mfg. Co. 145 Mass. 169, 13 N. E. 465, it is stated that "there must be some **active** negligence or **misfeasance** to support a tort. There must be some breach of duty distinct from breach of contract." This was the rule, we believe, which Judge Taft was establishing by citing this Massachusetts case in Cooper v. Roose, supra.

Returning now to the record, it was claimed by the plaintiff that "the defendant * * * maintained control of the * * * stairway, and of the part thereof on which plaintiff fell, by the fact that its janitor, housed in the basement of said apartment building, was given the duty by the defendant to keep the stairway free and clear of ice and snow and was

provided by the defendant with a shovel, scraper. salt and other necessary equipment for accomplishing this result. Furthermore, said janitor, on behalf of the defendant, was given the further duty of removing garbage from the porches of the various tenants by the use of said common stairway, and other additional duties relating thereto."

It appears that such services had been performed by the janitor, and that the stairway in question was used by various persons who had business and social dealings with the plaintiff.

The trial court, in submitting the case to the jury, apparently was not concerned with the question of whether the stairway upon which the accident happened was or was not a common stairway, as that term is used in law, or whether any control thereof was in the lessee. The court's appraisement of the legal questions involved was summarized by its statement as follows:

"I am simply submitting to the jury whether or not the evidence shows that the landlord had the care of that stairway under the implied contract as indicated by the plaintiff's evidence, and, if so, then they are to go to the matter of whether or not he [it] exercised ordinary care in the removal of the ice and snow."

The court then submitted the case to the jury on the issues only of negligence. proximate cause and contributory negligence, without explaining the legal effect of the evidence bearing on the question of occupation and control of the stairway. The "implied contract" incorporated in the statement above, apparently referred to evidence indicating an implied contract to clean, repair and maintain the stairway in a safe condition.

As indicated in prior paragraphs of this opinion, a mere omission to perform a contract, whether express or implied, in and of itself cannot be made the predicate for an action in tort, unless the omission is also the omission of a legal duty. Therefore, assuming that the evidence gives rise to an implied contract to maintain this stairway free from dangerous ice and snow, where do we find the evidence indicating the legal duty of the landlord to do so, in addition to a possible contractual obligation which may be implied?

Proceeding to situations where the landlord retains control, there may be found the well-recognized rule that, where premises are let to several tenants who occupy different parts thereof, but who enjoy and use certain parts in common— such as walks, driveways, porches, entrances, halls and stairways—as a means of access to their respective tenancies,

these approaches and passageways are generally presumed to be in the possession and control of the landlord, in the event that specific evidence shows nothing to the contrary. Under such circumstances, the landlord in effect invites the use of such passageways, etc., by the tenants, and such other persons whose relation to the tenants involves their use to obtain access to the demised rooms or apartments, and the landlord may be held liable for personal injury to a tenant proximately resulting from his failure to exercise ordinary care in keeping such parts of the property in proper repair and in a reasonably safe condition. Under circumstances of this nature, there arises a legal duty on the part of the landlord which would supply the necessary predicate for an action in tort growing out of the omission to perform an express or implied contract to keep the premises reasonably safe by the removal of ice and snow.

On the other hand, where passageways and stairways or substantial parts thereof lead only to rooms or apartments under demise to one tenant, and under the physical conditions extant could not be used as a means of ingress to any part of the premises not rented to such tenant, there is no presumption of possession or control by the landlord. The mere fact that there may be a contract, either express or implied, in which there is a reservation exclusively for the purpose of repairing the stairway or passageway, or the doing of janitor work, such as transporting garbage, sweepings, elimination of ice and snow, and other things of a similar nature, does not render the lessor liable in tort to the lessee for injuries sustained from falling on ice-covered steps, on the theory of the possession and control being lodged in the landlord. There must be more than this to create the duty in the landlord. See: **Ripple v. Mahoning National Bank, 143 Oh St 614.**

As a majority of this court views the record, the part of the stairway leading only to the plaintiff's apartment was in the control of the tenant. It had no purpose except to serve the plaintiff's apartment; there is no evidence indicating a reservation of control in the landlord except the implied reservation for the specific purposes mentioned above —which, as stated, are not sufficient to create a duty over and beyond a possible implied contract to keep the premises safe from the hazards of ice and snow. This being our conclusion, an omission to perform a contract obligation, either express or implied, is never a tort, unless the omission is also the omission of a legal duty.

Finding no legal duty on the part of the landlord to remove

the ice and snow from the stairway, we find that this case was wrongly submitted to the jury on the theory of an implied contract of control and an implied contract to keep the premises safe.

The judgment will be reversed and final judgment entered for the defendant.

HUNSICKER, PJ, concurs.

NICHOLS, J, dissents. (See dissenting opinion.)

NICHOLS, J, (dissenting).

In this case much of the contention between counsel for the respective parties relates to whether the stairway upon which plaintiff fell and was injured constituted a "common stairway." In my opinion it was a common stairway leading from the ground level to apartments on the first and second floors of the building, the stairway being one structure used in common by all tenants, as well as by the defendant landlord, acting by its employee.

The fact that the first floor tenants did not need the entire stairway for access to their apartments is immaterial since the second floor tenants could not possibly have reached their apartments except by the use of the entire stairway including that portion used by the first-floor tenants. As stated above, it was all one structure, so recognized by the landlord by the use made by it in assuming the burden of keeping the stairway free from ice and snow, as well as the use made by it in removing the garbage for all the tenants and in making repairs thereto.

However, this case was not submitted to the jury upon the issue of the stairway being a "common stairway." The issue upon which the court submitted the case to the jury is definitely stated by the trial judge on pages 232 and 233 of the bill of exceptions as follows:

"I am not submitting to the jury whether or not this is a common stairway * * *. I am simply submitting to the jury whether or not the evidence shows that the landlord had the care of that stairway under the implied contract as indicated by the plaintiff's evidence and, if so, then they are to go to the matter of whether or not he exercised ordinary care in the removal of the ice and snow."

In furtherance of that statement of the trial judge, the court, on motion of the defendant, struck from the petition all allegations thereof relating to unlawful construction of the stairway and negligence as to repairs thereto, and in his charge to the jury the judge read the allegations of the petition other than the matter deleted therefrom, and read

the allegations of the answer and of the reply, and thereupon stated:

"In other words, the petition, the answer and the reply which the court has just brought to your attention, make up the issues of the case."

(Appellant in its assignment of error No. 4 claims that the court did not define the issues in the case, to which assignment of error further reference will be made hereinafter.)

By reference to such petition, as deleted, it is seen that the court submitted to the jury the question whether the plaintiff has established that the defendant retained possession and control of the stairway, and if so, whether the defendant exercised ordinary care in its duty to remove the ice and snow under the implied contract shown by the evidence, the court correctly stating in the charge the rules as to the preponderance of the evidence and proximate cause. The court also correctly charged on the issue of plaintiff's contributory negligence, raised by the answer and denied by the reply, all such issues being decided by the jury in favor of plaintiff.

In my judgment the trial court **did not err to the prejudice of defendant** in so limiting the issues. Nor did the jury err in finding for the plaintiff upon the issues submitted to it. The question of the weight of the evidence is involved, but even if this court would unanimously agree that the verdict is against the weight of the evidence, only a reversal and not final judgment would follow. I do not agree that the verdict is against the manifest weight of the evidence. The defendant offered no evidence in this case (other than a photograph of the stairway and building) except by way of cross-examination of plaintiff's witnesses. It is interesting to note that the trial judge, as shown on page 241 of the bill of exceptions, expressed his opinion in the absence of the jury as follows:

"The state of the evidence is such that there is an implied contract."

It is manifest from the evidence in this case that as an incident to the contract of lease the landlord impliedly agreed with its tenant, for the consideration named in the lease, that it would keep the stairway free from ice and snow so as to make the same safe, for the evident and recognized purpose of lessening the danger of the tenant falling thereon. The landlord over the previous duration of the lease had recognized his obligation to his tenant in that respect, having consistently theretofore performed his duty in removing the

ice and snow, providing its own employee the implements used for that purpose. Would anyone contend that the plaintiff, designated here as tenant, would not be entitled to such damages as would reasonably be contemplated by the parties if she had made a contract with a stranger to the landlord, by the terms of which contract the stranger, for a consideration, had agreed to keep the stairway free from ice and snow and had not used ordinary care to perform his contract and as a proximate result of such failure the plaintiff fell and suffered injuries to her person? Of course, any contributory negligence of the plaintiff in using the stairway with knowledge of its condition would be for the jury in determining the proximate cause of her injuries. Could it be said that her only right of recovery would be limited to the amount which she might have to pay to have the ice and snow removed, under the theory that her action is not in tort but solely upon contract? There is but one form of action in Ohio for relief under such circumstances, a civil action, and the damages for violation of contract are measured by what was reasonably contemplated by the parties as the natural consequence of a breach.

Why did the landlord in this case undertake to keep the stairway free from ice and snow? What was in the minds of both parties at the time this lease arrangement was entered into, as shown by the evidence in this record? This was not an action for failure to make repairs. Personal injury to the tenant as a result of the failure of the landlord to remove the ice and snow was not a remote consequence; the inherent nature of ice and snow is a matter of common knowledge, and especially is its dangerous propensities known when a person of the advanced age of plaintiff is subjected thereto.

That tort may arise out of the violation of a contract, either by reason of negligence in performance or in failure to perform when personal injury is reasonably contemplated as a natural result of such negligence or failure, is fundamental. See II Restatement of the Law of Torts, Sec. 357 (p. 967). My respect for the eminent authorities responsible for the Restatement gives me confidence in relying thereon. See also 163 A. L. R. 300, where it is stated in the Introductory to the Annotation on the subject of "Breach of Lessor's Agreement to Repair as Ground of Liability for personal Injury to Tenant or One in Privity with Latter":

"At the time the earlier annotations on the present subject were written there was clearly a majority and a minority view as to the liability of a landlord for personal injuries where there was a total failure to perform an agreement to

repair the leased premises. The majority rule was that the landlord was not liable. However, there is now a pronounced trend toward the view that the landlord is liable for personal injuries under such circumstances and the American Law Institute's Restatement of the Law of Torts accepts this view (See Sec. 357.) It now seems improper to say that it is the majority rule that the landlord is not liable for personal injuries, for it is doubtful whether a majority of the courts adhere unqualifiedly to this view."

I cannot recognize any right of a landlord, as such, to a halo over his head which makes him immune to the consequences of his violation of contract where personal injuries result to one with whom he has directly contracted, as distinguished from one not in privity, where personal injuries were reasonably contemplated by the parties as a natural result of such violation.

The cases most strongly relied on by appellant for its claim to reversal and final judgment in its favor, are: **Ripple v. Mahoning National Bank, 143 Oh St 614,** and **Cooper v. Roose, 151 Oh St 316.**

This case is clearly distinguishable from Ripple v. Bank, supra, where the plaintiff was injured in the private office of one of defendant's tenants and not on the stairway of the building. The Mahoning County Court of Appeals, of which the writer was a member sitting in that case, found that although the landlord had agreed with its tenant to make repairs to such office, there was no privity of contract between plaintiff and the landlord, and based its decision, which was affirmed by the Supreme Court, on **Burdick v. Cheadle, 26 Oh St 393, Marqua v. Martin, 109 Oh St 56** and **Berkowitz v. Winston, 128 Oh St 611.** The controlling factor in that case was the lack of **privity of contract** between plaintiff and the landlord; nothing else was necessary to the decision of the case and the court believed it would be mere obiter dicta if we attempted to express an opinion as to the law applicable had the plaintiff been injured on the stairway.

The case most strongly relied on by appellant for final judgment in its favor is Cooper v. Roose, supra. In my opinion that case is clearly distinguished from this. That case was based upon a claimed contract to make repairs, the evidence disclosing that the landlord at no time had possession, occupation or control of the porch after the lease to the tenant. The element of occupation or control was held to be necessary to liability of the landlord for personal injuries resulting from the condition of the premises, and that holding, among others, distinguishes that case from this. In his opinion in the cited case at page 319, Judge Taft states:

"From the evidence in this case, it is clear that there was no occupation of this porch by the landlord after rental of the second and third floors to the plaintiff. The plaintiff's testimony clearly showed that, from the time of the rental until after the accident, the landlord never appeared on the premises and never, either himself or through others, took any steps to occupy or take possession of the porch."

And on page 321 of the opinion Judge Taft states:

"In the instant case there is, and on the evidence there can be, no claim that defendant was negligent in making repairs. The evidence discloses that he did nothing about make repairs."

Nor were there any facts in that case which disclosed that the parties had in mind that the mere failure of the landlord to make repairs would subject him to liability for personal injuries. The plainest interpretation of the agreement was that the parties had in mind only the asthetic appearance of the respective portions of the building, the plaintiff to be responsible for the appearance of the inside and the landlord of the outside. Certainly it was not contemplated by the parties that the tenant would be liable to the **landlord** for personal injuries which might result from the failure of the tenant to redecorate or repair the interior of the leased premises, and at most the evidence disclosed only mutual promises with reference to the asthetic appearance of the property.

On page 321 of his opinion, Judge Taft states that the reason for denial of recovery against the landlord of damages for breach of his contract to make repairs is that personal injuries are not a natural and probable consequence which ordinarily and reasonably could be anticipated from a breach of an agreement to make repairs. The corollary of that statement implies that where personal injuries are a natural and probable consequence which ordinarily and reasonably could be anticipated from the breach, liability attaches.

The stated rule and the operative facts clearly distinguish this case from Cooper v. Roose, supra. The supreme court of this state has repeatedly held that the syllabus of a decision of that court states the law of Ohio with reference to the facts upon which the syllabus is predicated, and **that it must be interpreted with reference to those facts** and the questions presented to and considered by the court. **Williamson Heater Co. v. Radich, 128 Oh St 124; Maryland Cas. Co. v. Frederick Co., 142 Oh St 605, 609; Leube v. Prudential Ins. Co., 147 Oh St 450, 456; Midvale Coal Co. v. Cardox Corp., 152 Oh St 437, 445.** As stated by the learned trial judge in Whitney v. American Shipbuilding Co. 23 O. Dec. 1 at page 9:

"The authority of a decision is found, not in the language of the opinion, nor of the syllabus, nor in the judgment pronounced, but in the doctrine of the case, the reason of the decision, the **ratio decidendi.** It is found in the proposition of law necessarily involved in the decision; and the proposition of law necessarily involved is one without which the case could not be decided as it was decided. The jurisdiction of the court is restricted to the decision of such proposition, and its decision is not a precedent for anything beyond this. **State v. Baughman, 38 Oh St 455, 459.**"

Thus it is seen that nothing in the language of the opinions or in the syllabi of the cases relied upon by appellant was binding upon the trial court or upon this Court of Appeals, because of the distinguished character of the operative facts of this case and the law applicable thereto.

There being no claim by plaintiff of an express contract binding the defendant to remove the ice and snow from the stairway, it is apparent that the jury found from the evidence that an implied contract to keep the steps free from ice and snow arose from the conduct of the defendant, the use made by it of the stairway, the location and construction thereof, its availability for use for the benefit of all the tenants, and particularly that at all times previous to the injuries of plaintiff, defendant had retained control of the stairway for use by its agents and servants, to whom it had furnished the implements which were used by its employee for the removal of the ice and snow, and the jury was justified in finding that the parties reasonably contemplated that the landlord would be liable for personal injuries to **plaintiff,** by reason of defendant's breach. Photographs of the building and stairway were in evidence, from which the jury could observe that there was not one stairway for the plaintiff and another for the other tenants of the building, but that the stairway was erected as a whole structure for the accommodation of all the tenants and the landlord.

There are but four assignments of error, the first three and a part of the fourth urging error in the refusal of the trial court to sustain motions for final judgment for defendant. Such assignments are not well taken.

The fourth assignment of error raises the question whether the trial court properly submitted the issues to the jury by reading the pleadings and telling the jury they make up the issues in the case. We do not recommend this method of stating the issues provided there is a more definite or specific method of stating them. Although called upon for suggestions as to the charge counsel did not suggest a more

definite or specific method of stating the issues. Error in this respect would only call for reversal and not final judgment. It is my conclusion that the jury fully understood the issues in the case and that no prejudicial error intervened warranting a reversal. I further conclude from the whole record that substantial justice has been done the parties in the trial court and that the judgment should be affirmed.