HUNSICKER, APPELLEE, *v.* BUCKEYE UNION CASUALTY Co., APPELLANT.

(No. 7687—Decided March 2, 1953.)

*Mr. Percy V. Morris,* for appellee.
*Messrs. McIntosh, Moore & Katz,* for appellant.

HILDEBRANT, J. In this appeal the following factual statement is taken from appellant's brief:

"Appellee, Raymond E. Hunsicker, held an automobile bodily injury and property damage insurance policy in the appellant, Buckeye Union Casualty Company. On July 2, 1949, while said policy was in effect, he parked * * * [his automobile] on a hill and during his absence, the brakes loosened, causing the automobile to coast down a hill, striking and damaging three parked cars. Notice of the accident was given to the company. Two of the claims were settled, but a disagreement over value caused the company to refuse to settle.

"On June 30, 1950, this third claimant, Harold Gray, filed an action in the Municipal Court of Cincinnati, Ohio, and the sheriff made return of the summons as follows: 'Left at the last address, 703 Mt. Hope road.' The case was called in Municipal Court on July 19, 1950, and continued to July 27, 1950, when a default judgment for $110 was taken. Hunsicker, the assured, having moved from 703 Mt. Hope road prior to June 30, 1950, never received the summons or knew about the action. Because of this, he never notified the insurance company of the suit. Gray's attorney, the office associate of Hunsicker's attorney, testified below that he called the insurance company and told them of the suit's pendency.

"In November, 1950, assured Hunsicker, under the driver's license law, was directed to surrender his driver's license because the judgment had not been paid. He immediately contacted the appellant insurance company, and the company immediately paid the judgment in full, the entry of satisfaction being placed of record November 22, 1950.

"Thereafter, Hunsicker, the insured, brought the present action against the insurance company for damages, alleging the insurance company was negligent in not defending and taking steps to protect his interests. The court below, without intervention of a jury, found for the insured and gave judgment for $100 and costs. To reverse this judgment, this appeal is taken."

From this record it is obvious that plaintiff never was served with process in the Municipal Court case, and, hence, cannot be prejudiced by failure to forward same or give other notice of suit to defendant company. It is likewise obvious that defendant not only promptly and completely met its contractual obligations in paying the default judgment, but in so doing paid a void judgment.

The trial court correctly found an utter failure of proof of certain elements of damage claimed, but invoking the rule of construing the policy most strongly against the party preparing it, in this case the defendant, found that the telephone call by the attorney for the Municipal Court plaintiff to the defendant insurance company constituted such a notice as to form a predicate for the action and concluded that "because of the loss of the use of his automobile and the incident damage of the loss of his license that he is entitled to recover, and the court fixes the amount at one hundred dollars."

The insuring agreement between the parties with respect to suit states that the company shall "defend

any suit against the insured alleging such injury, sickness, disease, or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient.''

The above-quoted obligation was by the policy subject to the following condition with respect to notice of claim or suit:

''If a claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.''

Therefore, it appears to have been within the contemplation of the parties that notice of suit be given the company through the medium of the insured in compliance with the condition agreed upon, which method, in event of valid service upon the insured, would seem to be not only the most effective, reliable notice of the fact of suit, but the process would contain other information necessary to enable the company to make proper defense.

Whatever representations or notices third parties, strangers to the contract, might make to either or both of the contracting parties, certainly could not logically suffice to vitalize the reciprocal contractual obligations, so as to cast any duty of performance upon either of them.

This suit is necessarily grounded upon the principle of the common law stated in the following manner in 38 American Jurisprudence, 662, Section 20:

''Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract.''

Since a tort involves a breach of duty and we fail to find that the representation made by a third party, stranger to the contract, created any duty whatsoever, we find there is no substantial evidence of negligence in the record, and for that reason the judgment should be reversed.

However, assuming a duty and a breach thereof amounting to negligence resulting in loss of the driver's license, amounting to a calculable damage, we call attention to the provisions of the existing financial responsibility law under which the registrar of motor vehicles presumed to act.

Section 6298-1, General Code (120 Ohio Laws, 658), empowers the registrar to terminate the license to operate a motor vehicle of an operator who has failed within 30 days to satisfy a judgment rendered in any court of record for property damage caused by such persons in the operation of the vehicle.

Section 6298-4, General Code (120 Ohio Laws, 658, 659), outlines the manner in which the registrar shall accomplish such revocation and requires service by registered mail on the operator of the intention to revoke, with a 30-day period granted within which to show cause why such revocation should not take place.

The last two sentences of that section read:

"The registrar shall vacate the order of revocation upon proof of the satisfaction of the judgment after the order has become effective. The registrar shall also vacate such order of revocation upon proof that at the time the cause of action arose out of which the judgment ensued, there was in full force and effect a motor vehicle liability policy as defined in Section 6298-7 of the General Code, which policy covers the liability of such person to satisfy such judgment, and which judgment remains unsatisfied because of the failure or refusal of the insurer to comply with the

terms of the motor vehicle liability policy issued by it.''

In response to a question by the court, ''What sort of notice did you receive that your license had been taken away?'' the plaintiff answered, ''It was a verbal notification on the telephone.''

It is, therefore, apparent that plaintiff voluntarily surrendered his license without the notice required by statute and failed to inform the registrar that he held an adequate policy of liability insurance in full force and effect at the date of the accident, so that revocation of his license could not legally be made.

If defendant was negligent, plaintiff's own acts in connection with the license revocation, relied upon as basis for the damages awarded, proximately caused the same and would clearly amount to contributory negligence on his part barring recovery.

Furthermore, this court is unable to point out any satisfactory yardstick with which to measure the nebulous damage claimed herein.

For the reasons noted above, the judgment is reversed and final judgment entered for the defendant.

*Judgment reversed.*

MATTHEWS, P. J., and Ross, J., concur.