*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0406p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DWIGHT SPENGLER,

*Plaintiff-Appellant,*

*v.*

No. 06-2537

ADT SECURITY SERVICES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-10036—Robert H. Cleland, District Judge.

Argued: September 11, 2007

Decided and Filed: October 4, 2007

Before: BOGGS, Chief Judge; MARTIN and SUTTON, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Roy J. Transit, Royal Oak, Michigan, for Appellant. Charles C. Eblen, SHOOK, HARDY & BACON, Kansas City, Missouri, for Appellee. **ON BRIEF:** Roy J. Transit, Royal Oak, Michigan, for Appellant. Charles C. Eblen, SHOOK, HARDY & BACON, Kansas City, Missouri, for Appellee.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. Dwight Spengler appeals from the district court's dismissal of his tort claim on summary judgment. Spengler alleges that ADT is responsible for his mother's death by failing to dispatch an ambulance to her address after she pressed an ADT-issued emergency call button. Because the district court correctly held that this case sounds in contract and not in tort, we AFFIRM the holding of the district court.

I.

On May 10, 2004, Dwight Spengler signed a residential services contract with ADT to install and monitor a security alarm at the home of Veronica Barker, his mother. The agreement included a portable call button alarm that Barker could activate when in distress. Due to cancer of the larynx and previous medical treatment of that condition, she could not speak. ADT therefore had instructions to call Plaintiff in the event of an alarm from Barker.

ADT received an alarm from Barker on October 26, 2005. Due to an error in the address that ADT gave to ambulance dispatchers in response to the alarm, emergency medical services were delayed in their arrival at Barker's residence by approximately sixteen minutes. By the time emergency personnel arrived, Barker's heart rhythm was asystolic. She never regained consciousness and later died in the hospital.

Spengler's lawsuit against ADT alleged that by providing an erroneous address to the dispatcher, ADT committed misfeasance, subjecting it to tort liability. The district court granted summary judgment for ADT on the tort claim, finding that ADT breached no duty independent of the parties' agreement. The court also granted summary judgment to Spengler, finding that ADT breached its contract, and limiting damages to the $500 amount stated in the parties' agreement. Spengler appealed, arguing that (1) the district court erred in finding that the case sounded in contract instead of tort, and (2) the limitation of liability clause is unconscionable and unenforceable.

II.

Because this case comes to us from a grant of summary judgment, we review it *de novo*. *Thomas v. United States*, 213 F.3d 927, 929 (6th Cir. 2000). Although there was no choice-of-laws provision in the contract, the place of contracting, performance, and subject matter of the contract was in Michigan. Thus we apply Michigan law. RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 188(2) (1971). Under Michigan law, in order for an action in tort to arise out of a breach of contract, the act must constitute (1) a breach of duty separate and distinct from the breach of contract, and (2) active negligence or misfeasance. *Haas v. Montgomery Ward & Co.*, 812 F.2d 1015, 1016-17 (6th Cir. 1987). The duty prong is the threshold inquiry. *Rinaldo's Constr. Corp. v. Mich. Bell Tel. Co.*, 559 N.W.2d 647, 658 (Mich. 1997).

The Michigan Supreme Court addressed the question of a tort arising out of a contract in *Hart v. Ludwig*, 79 N.W.2d 895 (1956). The court held that where the only violation was that of a broken promise to perform a contract, and there existed no independent duty outside the contract, "liability, if any, must rest solely upon a breach of [the] contract." *Id.* at 897-98, quoting *Tuttle v. Gilbert Manfg. Co.*, 13 N.E. 465, 467 (Mass. 1887).

Similarly, ADT's obligation to promptly and correctly dispatch EMS emanated only from the contract, not Michigan common law, and thus no tort claim is available. Having found no independent duty, we need not determine whether ADT's actions constituted misfeasance or negligence. *See Haas v. Montgomery Ward & Co.*, 812 F.2d 1015, 1016 (6th Cir. 1987); *Rinaldo's*, 559 N.W.2d at 658.

III.

Spengler also argues that the $500 limitation of liability clause contained in the parties' contract is unenforceable under the Michigan Consumer Protection Act and unconscionable. These arguments, however, are raised for the first time before this court. While Spengler did raise an issue under the Consumer Protection Act in one of his briefs to the district court, the briefed section (MCLA 445.903(3)(1)(t)) describes waiver of rights, whereas the sections he pleads to this court concern false advertising (445.903(3)(1)(g) and (y)). Unconscionability is found nowhere in the record below. Because it is well-settled that issues not presented to the district court are not proper on appeal, we will not consider these issues now. *See J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991).

We therefore AFFIRM the judgment of the district court.