**SOLID GOLD JEWELERS, Plaintiff,**

v.

**ADT SECURITY SYSTEMS, INC., Defendant.**

**Case No. 5:07CV01555.**

United States District Court, N.D. Ohio, Eastern Division.

Dec. 19, 2007.

---

Benjamin R. Schrope, Mansfield, OH, John F. Myers, Holland Myers & Myers, Akron, OH, for Plaintiff.

Anne M. Carlson, Charles C. Eblen, Shook, Hardy & Bacon, Kansas City, MO, John R. Mitchell, Joshua A. Klarfeld, Thompson Hine, Cleveland, OH, for Defendant.

## MEMORANDUM OPINION AND ORDER

SARA LIOI, District Judge.

This matter is before the Court on the motion for judgment on the pleadings filed by Defendant ADT Security Systems, Inc. ("ADT"). (Doc. No. 12.)

## I. Statement of Facts and Procedural History

Plaintiff Solid Gold Jewelers ("Plaintiff" or "Solid Gold") is a retail jewelry store located in Akron, Ohio. (Compl. ¶ 1.)[1] Defendant ADT is engaged in the business of

---

1. All record references to the "Complaint", unless otherwise noted, are to the Amended Complaint, filed September 26, 2007. (Doc. No. 23.)

selling, installing and servicing security alarm systems. In 1999, Solid Gold and ADT entered into a contract for the installation, and ongoing inspection, maintenance and service of an alarm system at Solid Gold's business premises. (Compl. ¶¶ 1, 6.)

On May 18, 2006, a break-in and theft occurred at Plaintiff's premises, resulting in damage to and loss of property. (Compl. ¶ 3.) Plaintiff suffered damages as a result of the theft in the amount of $46,265.87. (Compl. ¶ 9.)

Plaintiff filed this action in Summit County Court of Common Pleas on April 23, 2007. The original complaint set forth causes of action for breach of contract, negligence, and fraud. (Doc. No. 1, Ex. A.) Defendant removed the action to this Court on May 25, 2007, invoking the Court's diversity jurisdiction. (Doc. No. 1.) On July 16, 2007, ADT filed the instant motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 12.) Solid Gold filed opposition (Doc. No. 18), and ADT replied. (Doc. No. 20.) After briefing on the motion was completed, Solid Gold filed a motion to amend the complaint, which was granted, and thereafter it filed an amended complaint on September 26, 2007. (Doc. No. 23.) The amended complaint omits the fraud causes of action asserted in the original complaint, evincing Plaintiff's intent to pursue only the breach of contract and negligence claims. In those claims, Plaintiff complains of ADT's alleged failure properly to install, inspect, maintain and replace the security system, to notify police and Plaintiff when the alarm signal was received at the time of the burglary, and to conduct an investigation of the break-in and convey the results to Plaintiff. The Court now considers ADT's motion for judgment on the pleadings as it applies to the amended complaint.

## II. Law and Analysis

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings and provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c).

Motions for judgment on the pleadings are reviewed under the same standard applicable to motions to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir.2001). The motion may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tritent Int'l Corp. v. Kentucky*, 467 F.3d 547, 553–54 (6th Cir.2006). The court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir.2004). The court need not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *Id.*

### B. Analysis

#### 1. Breach of Contract

In its motion, ADT asserts that Plaintiff's entire complaint is barred, or at least limited, by the express terms of the agree-

ment. ADT does not, however, cite any authority to support the position that Plaintiff's claim is barred completely by the contract. Pursuant to the contract, ADT was obligated install the alarm system and repair and maintain it in good working order. If, as Plaintiff contends is the case, ADT failed to install the system in the proper manner, and/or failed to undertake necessary repairs or maintenance, Plaintiff clearly would be able to state a claim for breach of contract. Viewing the allegations as true, as the Court is required to do at this stage, the Court finds no grounds for granting judgment in favor of ADT on the contract claim.

■ ADT further contends that, even if it breached the contract, its liability is limited by the contract to a maximum of $1,000. ADT cites a litany of cases generally stating that alarm companies are not insurers, and that risk allocation provisions such as the one in the parties' contract purportedly limiting ADT's exposure to $1,000 universally are enforced. *See, e.g., E.H. Ashley & Co. v. Wells Fargo Alarm Serv.*, 907 F.2d 1274, 1278 (1st Cir.1990). This provision very well may be enforceable in this case, but the Court finds that such enforcement is inappropriate on a motion for judgment on the pleadings. Whether the provision is enforceable requires a detailed examination of the con-

tract itself, as well as a number of other factors, including whether the provision is a liquidated damages clause or a limitation on liability. *See Samson Sales, Inc. v. Honeywell, Inc.*, 12 Ohio St.3d 27, 465 N.E.2d 392 (1984) (regarding liquidated damages provisions); *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 621 N.E.2d 1294 (2d Dist.1993) (limitation of liability). Consideration of those questions, in turn, requires reference to materials outside the four corners of the complaint [2] and, therefore, is not proper in this procedural setting.

## 2. Negligence

■ In the Complaint, Plaintiff alleges that ADT "negligently, and/or recklessly, and/or wantonly, and/or intentionally failed to install, inspect, maintain and/or replace the security system, under such circumstances that Defendant knew, or should have known, of the high degree of risk of harm or damage to Plaintiff." (Compl. ¶ 11.) Plaintiff further contends that ADT negligently, recklessly, wantonly and/or intentionally failed to warn of known defects in the manufacture, design and/or installation of the security system, and similarly failed to notify the police, conduct an investigation of the premises, and notify Plaintiff upon receiving the alarm signal on

---

2. Liquidated damages provisions may be enforceable where "the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof." *Nahra v. Honeywell, Inc.*, 892 F.Supp. 962, 968 (N.D.Ohio 1995) (citation omitted). By contrast, limitations on liability are upheld absent important public policy considerations, unconscionability, or vague

and ambiguous terms, as long as the party invoking the provision has not committed a willful or reckless breach. *Id.* at 970. A liability limitation clause may be avoided for unconscionability by showing "that the clause is commercially unreasonable *and* that [the party against whom enforcement is sought] had no meaningful choice but to accept its inclusion in the contract." *Id.* (*citing Collins*, 86 Ohio App.3d at 834, 621 N.E.2d 1294). Here, Plaintiff contends ADT *intentionally* breached the contract, and that if the provision in question is a limitation of liability, it is unconscionable. Accordingly, to determine the provision's enforceability, the Court must consider evidence outside the pleadings.

the date of the burglary. (Compl. ¶¶ 12–13.)

■ ADT avers that Plaintiff's negligence claim is legally deficient because the duties upon which it is premised arise from the contract between the parties. ADT argues that where the only legal relationship between the parties is contractual, ADT owed Plaintiff no duty of care independent of the contract and, therefore, cannot be liable for claims sounding in tort as a matter of law. "Under Ohio law, the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Wolfe v. Cont'l Cas. Co.*, 647 F.2d 705, 710 (6th Cir.), *cert. denied*, 454 U.S. 1053, 102 S.Ct. 597, 70 L.Ed.2d 588 (1981). "[A] tort exists only if a party breaches a duty which he owes to another independently of the contract, that is, a duty which would exist even if no contract existed." *Id.*

■ Plaintiff must rely then on the existence of an independent cause of action under Ohio law sounding in tort where the relationship between the parties is one of contract. As a general rule, "[a] tort exists only if a party breaches a duty which he owes to another independently of the contract, that is, a duty which would exist even if no contract existed." *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117 (6th Cir.1976) (citing *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922)). Parties to a contract may face tort liability that "arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation." *Battista*, 538 F.2d at 117 (citing *Bowman v. Goldsmith Bros. Co.*, 109 N.E.2d 556, 557, 63 Ohio Law Abs. 428 (8th App.Dist.1953)). Under Ohio law, "it is no tort to breach a contract, regardless of motive." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 602 (6th Cir.1988) (citing *Battista*, 538

F.2d at 117; *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (1983); *Olbrich v. Shelby Mut. Ins. Co.*, 13 Ohio App.3d 423, 425, 469 N.E.2d 892 (2d Dist.1983)).

■ Plaintiff contends that, under Ohio law, it may maintain a negligence action against ADT because ADT owed Plaintiff an independent duty to perform its contractual obligations with care, skill and faithfulness. Ohio law does not, however, impose a separate duty of care upon every party to a contract. An "exception" to the general rule does exist, but only "in those contract situations where a special or fiduciary relationship exists between the parties and imposes a duty of good faith will the breach of [contract] result in a tortious cause of action." *Schachner v. Blue Cross and Blue Shield of Ohio*, 77 F.3d 889, 897 (6th Cir.1996) (citing *Empire–Detroit Steel Div. Cyclops Corp. v. Penn. Elec. Coil, Inc.*, No. CA–2903, 1992 WL 173313, at *3 (Ohio Ct.App. 5th Dist. June 29, 1992)). The cases cited by Plaintiff illustrate this exception, but it does not apply on the facts presented.

*Hunsicker v. Buckeye Union Cas. Co.*, 95 Ohio App. 241, 118 N.E.2d 922 (1st Dist.1953) involved an attempt by an insured to recover damages from his insurer under an automobile liability policy. The policy obligated the insurer to defend the insured, and the insurer failed to do so. The insured brought suit alleging negligence based on the failure to defend, and the Ohio Court of Appeals stated that the insurer had a common-law duty to perform its contract obligations with care, skill, reasonable expedience and faithfulness. *Id.* at 244, 118 N.E.2d 922.

In *Wagenheim v. Alexander Grant & Co.*, 19 Ohio App.3d 7, 482 N.E.2d 955 (10th Dist.1983), the plaintiff was a client of the defendant accounting firm, and brought suit against the defendant alleging

breach of the duties of confidentiality and non-disclosure based on the defendant's unauthorized disclosure of plaintiff's information. The Ohio appellate court found that it was "implied in every contractual relationship between an accountant and his client that a general duty exists not to make extra-judicial disclosures of information acquired in the course of their professional relationship, and that a breach of that duty by an accountant may give rise to a cause of action." *Id.* at 10, 482 N.E.2d 955.

In *Berger v. Am. Bldg. Inspection, Inc.*, No. 96–L–114, 1997 WL 269318 (Ohio Ct. App. 11th Dist. May 2, 1997), an Ohio appellate court quoted the following statement from *Wagenheim:* "there [arises] a duty recognized in every contract that each party will fulfill his obligations with care, skill, and faithfulness, and that the breach of such a duty will give rise to a cause of action in tort." *Id.* at *4, 482 N.E.2d 955 (quoting *Wagenheim,* 19 Ohio App.3d at 14, 482 N.E.2d 955). The court in *Berger* then stated that, "[t]he mere fact that a breach of contract is alleged does not preclude a cause of action for negligence based on a duty assumed under the contract." *Id.* (citing *Soltesz v. DiCamillo,* No. 69048, 1996 WL 65871 (Ohio Ct.App. 8th Dist. Feb. 15, 1996)). The court concluded that the plaintiff's negligence claim based on the alleged failure of the defendant to exercise ordinary and reasonable care in executing its contractual duties was not foreclosed as a matter of law. *Id.* The court in *Berger* proceeded to find, however, that the defendant's duties were limited by the scope of the contractual relationship, and concluded that no genuine issue of material fact existed as to the plaintiff's

claim of negligence, and affirmed the trial court's grant of summary judgment on that issue. *Id.*

The *Soltesz* case, on which the court relied in *Berger* for the proposition that a breach of contract claim does not preclude the assertion of a negligence action based on a duty assumed by contract, is merely another illustration of the exception to the general rule. In *Soltesz,* the plaintiffs hired the defendant contractor to repair their driveway, were unsatisfied with the results of the work, and brought suit alleging, *inter alia,* breach of contract and negligence. The trial court granted summary judgment to the defendant. The plaintiffs appealed, asserting that the trial court improperly failed to address their negligence and breach of contract theories. *Soltesz,* 1996 WL 65871, at *6. The Ohio appellate court overturned the trial court's decision on both the contract and negligence claims, finding that genuine issues of material fact existed. *Id.* at *8. Regarding the negligence claim, the *Soltesz* court concluded that the law implied a duty on the defendant to perform construction services in a workmanlike manner. *Id.* (citing *Barton v. Ellis,* 34 Ohio App.3d 251, 518 N.E.2d 18 (10th Dist.1986)). That the plaintiff in *Soltesz* could maintain concurrent claims sounding in both contract and tort is, therefore, an unremarkable proposition, and fits within the exception to the general rule, because the plaintiff alleged the existence of an independent duty imposed by law. To the extent that *Berger* implied an extension of *Soltesz* to a factual situation where the law did not impose any independent duty,[3] the Court finds that conclusion to be contrary to established Ohio law.

---

**3.** *Berger,* read most favorably to Plaintiff, at best merely *implies* such an extension based on its statement of the law. It does not make such a holding expressly. The court ultimately rejected the plaintiff's assignment of error

and upheld the trial court's grant of summary judgment. In any event, *Berger* is an unpublished Ohio appellate decision, and thus does not bind this Court.

Thus, in *Hunsicker*, the relationship between the parties was that of insured and insurer. Likewise, in *Wagenheim*, it was accountant and client, and the law, including the rules governing the conduct of certified public accountants, imposed duties of confidentiality and nondisclosure on the accountant. *Wagenheim*, 19 Ohio App.3d at 12–13, 482 N.E.2d 955. And in *Soltesz*, on which *Berger* relied (along with *Wagenheim* and *Hunsicker*), the relationship between the plaintiff and defendant was that of customer and construction contractor, where the law specifically implies a duty on the part of the contractor to perform its contractual obligations in a workmanlike manner.[4] The law imposes no similar duties of any kind on providers of alarm services under a contract. *See, e.g., Nahra v. Honeywell, Inc.*, 892 F.Supp. 962, 973 (N.D.Ohio 1995); *Spengler v. ADT Security Servs., Inc.*, 505 F.3d 456, 458 (6th Cir.2007) (applying Michigan law). Accordingly, the Court concludes that Plaintiff may not maintain a separate action in negligence based on allegations that ADT failed to perform its contractual obligation with the requisite skill, care, and faithfulness.

Plaintiff also contends that ADT owed it an independent duty to refrain from willful and wanton misconduct. The cases Plaintiff cites do not establish that such a duty exists in this case. In *Taylor v. Guardian Alarm of Ohio, Inc.*, No. L–02–1338, 2003 WL 22234598, at *2 (Ohio Ct.App. 6th Dist. Sept. 30, 2003), the Ohio court of appeals made the general statement, on which Plaintiff relies here, that "willful or wanton misconduct on the part of a party to a contract can result in the imposition of tort liability." The court in *Taylor* went on to conclude, however, that the only relationship between the parties was the one established by the contract, and that the defendant, a provider of alarm services, owed the plaintiff no duty outside of those set forth in the contract. *Id.* at *3. In *dicta*, the court intimated that recovery in negligence might have been available by noting that the plaintiff had not alleged willful or wanton misconduct in the complaint, but it did not so hold. *Id.*

In making its pronouncement of the law regarding tort liability for willful or wanton misconduct on the part of a party to a contract, the court in *Taylor* relied on opinions of several other Ohio courts of appeals: *American States Ins. Co. v. Honeywell, Inc.*, No. 56552, 1990 WL 19319 (Ohio Ct.App. 8th Dist. Mar. 1, 1990); *Royal Indemnity Co. v. Baker Protective Servs., Inc.*, 33 Ohio App.3d 184, 515 N.E.2d 5 (2d Dist.1986); *Hine v. Dayton Speedway Corp.*, 20 Ohio App.2d 185, 252 N.E.2d 648 (2d Dist.1969). Much like *Taylor*, these cases do not support the existence of a separate duty running from ADT to Plaintiff in this case.

In *American States*, the plaintiff was the insurer of a business that had contracted with the defendant for provision of alarm services. A break-in had occurred at the business premises, which the alarm system installed and serviced by the defendants failed to report. The intruder set a fire that destroyed the building. The plaintiff insurer paid the insured for the damage, and received an assignment and subrogation of the business's claim against the defendant. The plaintiff filed a complaint against the defendant, alleging negligent installation, maintenance and monitoring of the alarm. The trial court granted summary judgment to the defendant, conclud-

---

4. The other case cited by Plaintiff, *Hunter v. BPS Guard Servs., Inc.*, 100 Ohio App.3d 532, 654 N.E.2d 405 (10th App.Dist.1995), is inapposite. *Hunter* involved a claim by an alleged third-party beneficiary, not a party to a contract, and thus is distinguishable completely from the case at bar.

ing that the defendant could not be held liable for negligence because there was no evidence that it acted in a total and reckless disregard of its duty to report any break-ins at the business premises. The plaintiff appealed, claiming this conclusion was in error. The Ohio court of appeals affirmed, stating that "a review of the case law of the state of Ohio indicates that a party to a contract can only be liable in tort, in relation to the contract, where some *positive duty* imposed by law has been breached by the alleged negligent conduct of one of the parties to the contract." *Id.* at *3. The court reiterated: " 'In other words, an action of tort for negligence cannot be maintained unless the defendant's conduct constituted the breach of a duty imposed by law, apart from it being a breach of an obligation created by agreement of the parties, either express or implied.' " *Id.* (quoting *Bowman,* 109 N.E.2d 556, 63 Ohio Law Abs. at 431). The *American States* court then restated the proposition of law regarding willful or wanton misconduct that later appeared in *Taylor,* and, in doing so, cited *Royal Indemnity* and *Hine.* The plaintiff then argued that the defendant possessed an absolute duty to report a break-in to the authorities. The court disagreed: "A review of the law of the state of Ohio, however, fails to reveal the existence of an absolute duty imposed by law to report a break-in to the appropriate authorities. In addition, this court declines to establish at this time the existence of such an absolute duty on the part of those individuals and entities which provide security services." *Id.* at *4. The *American States* court completely rejected even the possibility of a negligence claim under the circumstances, concluding that, although the defendant "may have been negligent in the discharge of the terms and conditions of the contract ..., by failing to report a break-in to the appropriate authorities, the non-existence of a positive legal duty to report a break-in

on the part of [the defendant] prevented the appellants from raising a claim of negligence in the complaint as filed in the court of common pleas." *Id.*

The *Royal Indemnity* case similarly fails to support the existence of a separate non-contractual duty to refrain from willful or wanton misconduct. There, the plaintiffs (a department store and its insurers) brought suit against the defendant alarm company alleging that a theft occurring at the department store was the result of the defendant's negligence, gross negligence, willful and wanton misconduct, fraud and breach of warranties. 33 Ohio App.3d at 185, 515 N.E.2d 5. The trial court granted summary judgment in favor of the defendant. Among the assignments of error, the plaintiffs asserted that the trial court erred by granting summary judgment where the plaintiffs had presented uncontroverted evidence that the defendant had acted willfully and/or wantonly. The court concluded, however, that the evidence submitted by the defendant "negated the existence of willful or wanton acts alleged in plaintiffs' complaint." *Id.* at 187, 515 N.E.2d 5. The court reversed and remanded based on a material factual dispute regarding the liability limitation clause in the contract. *Id.* The decision to reverse was unrelated to the availability of a tort action based on alleged willful or wanton conduct, and the *Royal Indemnity* case does not stand in support of the availability of such an action.

Of all the cases cited by Plaintiff, the *Hine* case (the apparent wellspring of this line of authority) is the most readily distinguished. The plaintiff in *Hine* owned a stock car that was entered in a race conducted at the premises of one of the defendants. The plaintiff filed suit seeking damages based on personal injuries suffered when he was run into by one of the other cars participating in the race. *Hine,* 20

Ohio App.2d at 186, 252 N.E.2d 648. The plaintiff had signed a release of all claims for personal injury when he obtained permission to enter the area where he was injured. Based on the release, the trial court granted the defendants' motion for directed verdict. Accordingly, the issues in the case pertained only to the validity of the contractual release, and not at all to the existence of a separate tort duty on the part of the defendant to refrain from willful and wanton conduct.[5] It is therefore difficult even to comprehend how the courts in *Taylor* and *American States* reached the conclusion that *Hine* supported the proposition for which they cited it, namely, that "willful or wanton misconduct on the part of a party to a contract can result in the imposition of tort liability." *Cf. American States*, 1990 WL 19319, at *4. Irrespective of the reasoning underlying Plaintiff's authorities, based upon a thorough examination of the facts and law stated in those authorities, the Court concludes that Ohio law does not support the existence of a separate duty owed by ADT to refrain from willful of wanton misconduct, independent of its contractual obligations in this case.

Having concluded that Plaintiff has failed to identify a legally sufficient duty owed by ADT separate and independent from the contract, even taking the allegations in the complaint as true, the Court finds that Plaintiff can prove no set of facts that would entitle it to recovery on its negligence claim. Accordingly, with respect to Plaintiff's tort claim, ADT's motion for judgment on the pleadings is well-taken, and therefore is **GRANTED**, in part. Count Two of the complaint is **DISMISSED**.

**5.** More generally, absent the contractual waiver (which the court upheld in all respects), the *Hine* case concerned issues of

### III.  Conclusion

For the foregoing reasons, ADT's motion for judgment on the pleadings pursuant to Rule 12(c) (Doc. No. 12) is **GRANTED, in part,** and **DENIED, in part.** Count Two of the complaint is **DISMISSED**.

**IT IS SO ORDERED.**

premises liability not presented by the instant case, which further distinguishes *Hine* from the case at bar.